## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICE, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | No. 24-cv-4882 |
| *Defendants.* | : | |

### MEMORANDUM

KENNEY, J.                                                                          May 16, 2025

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case.  Defendants move to compel Plaintiff to produce documents that he, his counsel, family, or representatives "tendered to any member of the news media" or "received . . . from any member of the news media" in relation to this case, ECF No. 60-2 at 6.  *See* ECF No. 60 at 1, 8.  For the reasons set forth below, this Court will grant the Motion (ECF No. 60) in the manner described below.

I.        **DISCUSSION**

Under Federal Rule of Civil Procedure 26, a party may move to compel discovery that is "relevant to [a] claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  When evaluating the relevance and proportionality of discovery, courts consider the "the amount in controversy," "the importance of the issues at stake," "the parties' relative access to [the] information," "the parties' resources," the significance of the discovery to the case, and whether the burden of the discovery "outweighs its likely benefit."  *Id.*

The amount in controversy in this case is substantial.  Plaintiff does not contest that his claims for damages are possibly in excess of seven figures.  *See* ECF No. 60 at 2.  The "issues at stake," Fed. R. Civ. P. 26(b)(1), are of great significance, as well.  Plaintiff, who has been

exonerated, sued Defendants under 42 U.S.C. § 1983 and state law in connection with being imprisoned for over a decade for a September 2011 shooting. *See* ECF No. 1 at 1, 8–16. While suits under § 1983 are not uncommon, Plaintiff's exoneration, the duration of his imprisonment, and the fact that he was arrested when he was only 17 years old, *see id.* at 1, present particularly weighty facts. *See Quinby v. WestLB AG*, 245 F.R.D. 94, 110 (S.D.N.Y. 2006) (looking to whether issues were "unique" and "novel," rather than common, to assess the issues at stake in the context of a discovery dispute (citation omitted)). Indeed, the facts surrounding Plaintiff's case were so high profile that they were the subject of a documentary, *see* ECF No. 60-5 at 14, and well-known media outlets have covered Plaintiff's case, *see* ECF No. 66 at 1. The vast potential damages and the particular weight of the issues in this case tip in favor of allowing the discovery at issue.

The media communications at issue also appear relevant to this case, given the broad relevancy standard of Rule 26. *See Heathman v. U.S. Dist. Ct. for C.D. Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974); *Leach v. Quality Health Servs.*, 162 F.R.D. 499, 501 (E.D. Pa. 1995). Defendants request only documents exchanged with the media "in connection with this case." *See* ECF No. 60-2 at 6. Given the media's coverage of Plaintiff's imprisonment and exoneration, ECF No. 66 at 1, Plaintiff's communications with the media may reveal facts about his prosecution and conviction and are relevant to his account of those events. *See Theidon v. Harvard Univ.*, No. 15-cv-10809, 2016 WL 3919839, at *2 (D. Mass. July 15, 2016). That is true even if a significant portion of those communications occurred after Plaintiff was exonerated, *see* ECF No. 66 at 4, because such communications could still shed light on Plaintiff's account. Documents provided on behalf of Plaintiff by his attorney or a representative may likewise uncover relevant facts about the case and elucidate Plaintiff's account of events. Further, documents exchanged with family members and representatives may be useful for impeaching likely witnesses. Indeed, the father of

one prominent media representative was a witness in Plaintiff's criminal trial and post-conviction proceedings. *See* ECF No. 66 at 6.

Importantly, providing the requested discovery would not appear to impose an undue burden on Plaintiff. The requested discovery should largely be obtainable through a search of emails, text messages, and local electronic files. And Plaintiff, his family, attorney, and representatives presumably know which media outlets they had contact with regarding Plaintiff's imprisonment for the September 2011 shooting and his exoneration. *See* ECF No. 60-5 at 14 (identifying media outlets and contacts that Plaintiff spoke to). On the other hand, Plaintiff does not make specific claims about the costs or burdens associated with producing this discovery. *See, e.g.*, ECF No. 66 at 2. And "[g]eneral and conclusory" statements about the burden of discovery cannot defeat a motion to compel. *See Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011) (citation omitted); *see also Bolus v. Carnicella*, No. 15-cv-01062, 2020 WL 930329, at *6 (M.D. Pa. Feb. 26, 2020).

At the same time, Defendants are entitled only to documents within Plaintiff's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Plaintiff is therefore only required to produce documents of which he has actual possession or that he is legally or practically able to obtain. *See Fed. Trade Comm'n v. Am. Future Sys., Inc.*, No. 20-cv-02266, 2023 U.S. Dist. LEXIS 90014, at *14–15 (E.D. Pa. Mar. 28, 2023) (discussing possession, custody, and control under Rule 34). For that reason, some of the documents Defendants seek regarding Plaintiff's family and representatives may not be practically available to Plaintiff. However, this appears to be an individualized determination Plaintiff may make about what he is and is not able to produce. Furthermore, as to Plaintiff's "representatives," the Court will limit that term to its common meaning—those individuals who had authority to communicate with the media on Plaintiff's

behalf.  *See Representative*, Merriam-Webster Unabridged, https://unabridged.merriam-webster.com/unabridged/representative (defining this term to include one who "constitut[es] the agent for another especially through delegated authority").

Plaintiff cites several cases to challenge the discovery at issue, *see* ECF No. 66 at 4–5, but those cases are distinguishable.  In *Prusky v. ReliaStar Life Ins. Co.*, which involved an alleged breach of an investment contract, it does not appear that the underlying facts of the case received significant coverage by the media or that the discovery requests were limited to communications about the litigation.  *See* No. 03-cv-6196, 2004 WL 7340695, at *1 n.1 (E.D. Pa. Oct. 22, 2004).  Indeed, the two media statements considered by the court were disconnected from the case:  One covered the plaintiff's trading practices generally and the other appeared wholly unrelated to the defendant and was instead about another entity.  *See id.*  The same is true of *Monster Energy Co. v. Vital Pharms., Inc.*, an intellectual property dispute, in which the discovery request asked for any and all media documents about certain registered trademarks.  *See* No. 18-cv-01882, 2020 WL 2405295, at *3 (C.D. Cal. Mar. 10, 2020).  Finally, in *Lee v. City of Midland*, which involved a lawsuit against a police department, the targets of the subpoena at issue had an attenuated connection to the suit—they were parents whose children went to a school at which a sexual assault was alleged to have occurred.  *See* No. 22-cv-0185, 2024 WL 4005960, at *1, *5 (W.D. Tex. Jan. 22, 2024).  By contrast, Defendants seek communications only from Plaintiff, his family, and those able to speak on Plaintiff's behalf.  *See* ECF No. 60-2 at 6.

Given the significant amount of damages possibly at stake in this suit, the weight of the issues, the comparatively small burden of production, and the fact that such discovery is limited only to documents in Plaintiff's possession, custody, or control, the discovery at issue is relevant

and proportional.  Accordingly, the Court grants Defendants' Motion (ECF No. 60), in the manner described above.

## II.    __CONCLUSION__

For the reasons set forth above, this Court will **GRANT** Defendants' Motion to Compel (ECF No. 60).  An appropriate order will follow.

BY THE COURT:

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**