IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RICE,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | No. 24-cv-4882 |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                         **May 19, 2025**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Plaintiff moves for a protective order forbidding the discovery of his elementary school records, his academic disciplinary records, and "other documents" in Plaintiff's school files. ECF No. 59 at 1, 9. Plaintiff also moves to compel certain discovery from Defendants. *See* ECF No. 63 at 1. For the reasons set forth below, this Court will grant in part and deny in part Plaintiff's Motion for a Protective Order (ECF No. 59) and will grant Plaintiff's Motion to Compel Discovery (ECF No. 63).

**I.**     **DISCUSSION**

**A. Plaintiff's Motion for a Protective Order**

Under Federal Rule of Civil Procedure 26, a court may issue a protective order concerning discovery to protect against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In deciding whether to issue such an order, courts consider a number of factors, including whether the discovery would impinge on a party's privacy interests, the purpose for which the discovery is being sought, and whether disclosure would "promote fairness and efficiency" in a given case. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924

1

F.3d 662, 671 (3d Cir. 2019) (listing a number of factors, which are neither "exhaustive" nor "mandatory" (citation omitted)).

In this case, Plaintiff seeks a protective order to bar discovery of his elementary school records, his academic disciplinary records, and "other documents" located in his academic files. *See* ECF No. 59 at 1, 9. The Court addresses each category below.

### *1. Elementary School Records*

Plaintiff argues that disclosure of his elementary school records would violate his privacy interests and that his elementary school records are not relevant to this suit. *See id.* at 5–6. As to Plaintiff's privacy interests, the parties agree that elementary school records are covered by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. *See* ECF No. 70 at 7. FERPA expressly allows the disclosure of educational records to comply with a judicial order or subpoena, but it establishes certain protections such as a requirement to notify the affected student and the student's parents of the disclosure. *See* 20 U.S.C. § 1232g(b)(2)(B). Some district court cases have also interpreted FERPA to require a party's "genuine need" for discovery to outweigh "the privacy interests of the student[]," in order for school records to be discoverable. *See, e.g.*, *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 292 (E.D.N.Y. 2008); *see also Ke v. Drexel Univ.*, No. 11-cv-6708, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014). *But see Maggard v. Essar Glob. Ltd.*, No. 12-cv-00031, 2013 WL 6158403, at *7 (W.D. Va. Nov. 25, 2013) (rejecting such a requirement).

Even assuming that Defendants must show that their genuine need for Plaintiff's educational records outweighs Plaintiff's privacy interests, that standard is met here. A recurrent allegation that Plaintiff has made in support of his damages claims is that, at seventeen years old, he was deprived of his academic and professional potential. *See* ECF No. 1 at 27 (under a section

titled "Plaintiff's Damages," noting that Plaintiff had a "bright future," was "an honor roll student," was weighing "attending college" and "joining the United States Army"); ECF No. 70-1 at 9, 35 (stating that, due to Defendants' conduct, Plaintiff was "deprived of the opportunity" to pursue options such as joining the Army or going to college and noting that Plaintiff has suffered "lost income"). Given that Plaintiff has multiple times placed his academic and professional trajectory prior to arrest at issue, Defendants have a strong need to respond, which outweighs Plaintiff's privacy interests. *See Furey v. Wolfe*, No. 10-cv-1820, 2011 WL 597038, at *7 (E.D. Pa. Feb. 18, 2011) (where the plaintiff claimed to have "suffered damages to his education and reputation," and thus "plac[ed] his own education records and reputation at issue," Defendants' genuine need for information outweighed the plaintiff's privacy interests).

Plaintiff argues that his high school records, which he has agreed to disclose, are adequate to challenge the above damages arguments. *See* ECF No. 59 at 6. Certainly, in cases where a defendant was arrested as an adult, high school or simply work records may very well suffice to allow a defendant to respond to arguments about a plaintiff's academic and professional potential. *Cf. Iglesias v. Guevara*, No. 19-cv-6508, 2021 WL 12334554, at *2 (N.D. Ill. June 30, 2021) (granting motion to quash a subpoena regarding the plaintiff's academic records where the plaintiff had a work history prior to arrest). However, Plaintiff was only seventeen years old when he was arrested. *See* ECF No. 1 at 1. Given the significance of Plaintiff's academic and professional trajectory to his damages claims, and the potentially enormous damages, the Court will permit Defendants to discover Plaintiff's academic records from fifth grade onward, which would appear adequate for Defendants to respond to Plaintiff's damages claims while being mindful of Plaintiff's privacy interests in his records from when he was a very young child. *See, e.g.*, *Jakes v. Boudreau*, No. 19-cv-2204, 2020 WL 5297007, at *5 (N.D. Ill. Sept. 4, 2020) (where the plaintiff was arrested

3

at fifteen years old, the defendants were permitted to discover school disciplinary records beginning from when the plaintiff was ten years old); *Prince v. Kato*, No. 18-cv-2952, 2019 WL 10947351, at *3 (N.D. Ill. Sept. 19, 2019) (where the plaintiff was arrested at nineteen years old, the court permitted discovery of school records from eighth grade onward).

### 2. *Academic Disciplinary Records*

Plaintiff argues that none of his academic disciplinary records are relevant to this case and that these records will be used to shame and embarrass him. *See* ECF No. 59 at 5–8. Academic disciplinary records, like other school records, are covered by FERPA. *See United States v. Miami Univ.*, 294 F.3d 797, 802, 812 (6th Cir. 2002). For the reasons discussed above, as with Plaintiff's other school records, Defendants may discover Plaintiff's academic disciplinary records from fifth grade onward. *See supra* Section I.A.1. Plaintiff has put at issue his academic and professional trajectory, *see* ECF No. 1 at 27, and specifically has stated that Defendants "deprived [him] of the opportunity" to join the Army or attend college, ECF No. 70-1 at 9. To respond to such claims, Defendants have a genuine need for Plaintiff's academic disciplinary history—for example, since college applications may have required Plaintiff to report any school discipline. *See K.J. v. Jackson*, 127 F.4th 1239, 1253 (9th Cir. 2025) (noting that a plaintiff would likely have had to disclose a suspension and recommendation for expulsion "on college applications"). Furthermore, though Plaintiff argues that Defendants have his complete criminal history, *see* ECF No. 59 at 7, that is no substitute, since that history would not include purely academic discipline.

### 3. *"Other Documents" Relating to Academics*

Defendants also seek any "other documents . . . relating to academics" that are maintained in Plaintiff's school files, other than academic reports, test scores, teacher's notes, awards and honors, information about extracurriculars and coursework, correspondence, and memoranda. *See*

4

*id.* at 2–5.  Plaintiff argues that this request for "other documents" is vague and overbroad.  *See id.* at 8.  However, such a request is confined to materials related to academics that are maintained in Plaintiff's school files.  *See Abdin v. Am. Sec. Ins. Co.*, No. 09-cv-81456, 2010 WL 1257702, at *1 (S.D. Fla. Mar. 29, 2010) (rejecting vagueness and overbreadth objection to discovery request that sought "applications, insurance policies, files . . . and/or other written communications which pertain to the loss which is at issue").  Such a request is relevant to Plaintiff's case for the reasons discussed above.  *See supra* Section I.A.1–2.  And any impact on Plaintiff's privacy interests is limited by this Court restricting discovery of Plaintiff's school files before fifth grade.  *See id.*

Accordingly, this Court will deny Plaintiff's Motion for a Protective Order (ECF No. 59), except that Defendants may discover Plaintiff's school records, including academic disciplinary records, only from fifth grade onward.

### B. Plaintiff's Motion to Compel Discovery

Plaintiff moves to compel Defendants to produce documents depicting parts of the police station "in which [he] was interrogated or questioned," ECF No. 63-4 at 22, during the investigation into the September 2011 shooting.  ECF No. 63 at 3, 10.  Plaintiff also previously moved to compel other discovery, but his motion was mooted in those respects by Defendants' agreement to supplement their discovery responses.[1]  *See* ECF No. 69 at 1; *see also* ECF No. 75 at 1 n.1.  A party may move to compel discovery that is "relevant" and "proportional" to the case, given "the amount in controversy," "the importance of the issues at stake," "the parties' relative access to [the] information," "the parties' resources," the significance of the discovery, and whether the burden of the discovery "outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

---

[1] This Court's ruling should not be construed as deciding those aspects of Plaintiff's motion.

This Court recently addressed many of the above factors in granting Defendants' Motion to Compel (ECF No. 60). *See* ECF No. 76 at 1–2. There, this Court noted that the possibly seven-figure amount in controversy in this case and the weighty issues at stake tipped in favor of allowing discovery. *See id.* Against that backdrop, documents depicting the parts of the police station where Plaintiff was interrogated and questioned are relevant and proportional. Those documents are relevant to Plaintiff's evidence fabrication claim, an element of which is that the individual Defendants acted in bad faith, such as with a reckless disregard for the truth. *See Mervilus v. Union County*, 73 F.4th 185, 194–95 (3d Cir. 2023). According to Plaintiff, Defendants recklessly disregarded the truth because they had received reports that the shooter had run from the scene and yet knew that Plaintiff had severe injuries from a prior incident that prevented him from running. *See* ECF No. 1 at 8. Documents depicting the parts of the police station where Plaintiff was questioned and interrogated shortly after the shooting—for example, showing stairs and obstacles that Plaintiff had to maneuver—are relevant circumstantial evidence regarding Defendants' knowledge of Plaintiff's mobility limitations.[2]

Defendants argue that these documents are sensitive and that their disclosure would present safety concerns. *See* ECF No. 69 at 5. However, such concerns are mitigated by the Confidentiality Order entered in this case. *See* ECF No. 47 at 1–7. Documents depicting the layout of the police station shall be marked "Attorneys' Eyes Only" at this stage. *See id.* at 3–4; *cf. Avery v. Wellpath, LLC*, No. 20-cv-00428, 2021 WL 5500479, at *1 (D. Me. Nov. 21, 2021) ("[A]ttorneys'-eyes-only designations are often used to protect sensitive information that, in the

---

[2] Though Defendants argue that Plaintiff can obtain information about the police station layout through his own recollection and by deposing the individual Defendants, *see* ECF No. 69 at 5–6, documents objectively showing the layout of sections of the police station are significantly more reliable than nearly fifteen-year-old memories and could be used to impeach witnesses and refresh recollections.

wrong hands, could undermine prison safety and security."). Such documents may be shown to Plaintiff, Defendants, and to experts, in addition to counsel, legal personnel, vendors, and Court personnel, as those terms are described in the Confidentiality Order. *See* ECF No. 47 at 3–4. Defendants' concerns are further mitigated by the fact that Plaintiff only seeks documents concerning limited parts of the police station—those areas in which he was "interrogated or questioned," ECF No. 63-4 at 22. *See Lear v. Sahota*, No. 18-cv-3099, 2020 WL 7406508, at *7 (E.D. Cal. Dec. 17, 2020) (granting a plaintiff's motion to compel discovery, where the discovery at issue involved limited sections of a prison, not the "entire prison," and a protective order could mitigate security concerns).

Lastly, Defendants argue that obtaining these documents will be unduly burdensome because 2011 layouts of the police station are not easily accessible. *See* ECF No. 69 at 6. However, Defendants fail to provide any support for this claim. *See id.* And they need only produce documents that are in their custody, possession, or control. *See* Fed. R. Civ. P. 34(a)(1). To the extent that documents showing the 2011 layout are unavailable, Defendants need not produce them. Short of that, any burden of searching for and producing this handful of documents does not outweigh the "likely benefit" of the discovery, given the above. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, this Court will grant Plaintiff's Motion to Compel (ECF No. 63).

## II. CONCLUSION

For the reasons set forth above, this Court will **GRANT** in part and **DENY** in part Plaintiff's Motion for a Protective Order (ECF No. 59) and will **GRANT** Plaintiff's Motion to Compel Discovery (ECF No. 63). An appropriate order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**